UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )<br>)<br>) Criminal No. 13-10282-DJC |
| JAIRO FERNANDEZ, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                  January 31, 2019

**I.**      **Introduction**

Petitioner Jairo Fernandez ("Fernandez") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 (the "Petition"). D. 189. For the reasons discussed below, the Court DENIES the Petition.

**II.**      **Standard of Review**

An incarcerated person may seek post-conviction relief under § 2255 if his sentence "(1) was imposed in violation of the Constitution; (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). It is Petitioner's burden to make out a claim for such relief. Id.

**III.**     **Relevant Factual and Procedural Background**

On September 25, 2013, Fernandez was charged with conspiracy to possess with intent to distribute and to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846 and two substantive counts of possession with intent to distribute and distribution of heroin in violation on

21 U.S.C. § 841(a)(1). D. 17. On November 4, 2014, Fernandez entered into a plea agreement with the government pursuant to Fed. R. Civ. P. 11(c)(1)(C). D. 100. Under the agreement, among other things, Fernandez agreed to plead guilty to the three charges against him, admit that the charged conspiracy involved 100 grams or more of heroin and that this quantity was attributable and reasonably foreseeable to him, and waive his rights to appeal or collaterally challenge his conviction or sentence. D. 100 at 1, 4. Specifically, Fernandez waived his "right to challenge [his] conviction on direct appeal or in any future proceeding (collateral or otherwise)" and also "waived any rights [Fernandez] may have to challenge the agreed-upon sentence . . . on direct appeal and in a future proceeding (collateral or otherwise)." D. 100 at 4. In exchange, the government agreed, among other things, to withdraw the 21 U.S.C. § 851 Information it had previously filed and join in the "agreed disposition" of 120 months. D. 100 at 4.

On November 13, 2014, Fernandez entered a guilty plea to the charges pursuant to this agreement. D. 105, 137. As part of the plea colloquy with Fernandez, in response to the Court's questions, Fernandez indicated that he had a chance to read the plea agreement and discuss it with his counsel before signing it and that he understood the terms of the plea agreement D. 137 at 7-8. The Court also specifically inquired about the waiver of his appellate rights, having Fernandez turn to the relevant page of the plea agreement regarding same. D. 137 at 13. Fernandez indicated that he understood that he had waived or given up certain of his appellate rights, had the opportunity to discuss this provision of the plea agreement with his counsel before he signed the agreement and that he understood the impact that this provision had on his appellate rights. D. 137 at 13-14.

Since the plea agreement entered by the parties was under Fed. R. Civ. 11(c)(1)(C) and the Court would have to accept their agreed to disposition of 120 months if the Court accepted the

plea agreement, D. 100 at 2, the Court took Fernandez's guilty plea on November 13, 2014, but deferred acceptance of same until sentencing. D. 137 at 20.

At sentencing on February 12, 2015, the Court considered the Presentence Report ("PSR") and the parties' arguments about the agreed upon recommendation. D. 209. The PSR calculated the total offense level as 31 (reflecting a three-level reduction for acceptance of responsibility) and Criminal History Category of VI, given that Fernandez qualified as a career offender. PSR ¶¶ 60, 87; D. 209 at 4-5. Accordingly, the advisory GSR was 188-235 months. PSR ¶ 136, D. 209 at 5; D. 127 at 7. The Court accepted Fernandez's guilty plea and adopted the parties' agreed upon disposition. D. 126; D. 209 at 14. Accordingly, the Court sentenced Fernandez to 120 months imprisonment, 4 years of supervised release and a $300 special assessment. D. 209 at 15; D. 126, 127 (judgment entered on February 19, 2015).

Fernandez did not appeal his conviction or sentence. He has now filed the Petition, over two and half years after the judgment in this case has become final. D. 189.

## IV. Grounds for Relief

Fernandez seeks habeas relief on the grounds that his continued custody is a due process violation "because my conviction was obtained by [p]lea of [g]uilty which was not made voluntarily or with the understanding of the nature of the charges and the consequences of the [p]lea." D. 189 at 7. In support of same, Fernandez indicates that he may or may not have pled guilty if he had known that he could have had a prior state conviction, vacated as it later was on April 19, 2017. D. 189-1 at 3.

## V. Discussion

### A. <u>**Fernandez Waived this Collateral Attack to His Conviction and Sentence**</u>

*1. Fernandez Made a Knowing and Voluntary Waiver*

A defendant's waiver of appellate rights is enforceable if (1) "the written waiver must comprise 'a clear statement' describing the waiver and specifying its scope"; (2) "the record must show that the judge's interrogation 'suffice[d] to ensure that the defendant freely and intelligently agreed to waive [his or] her right to appeal"; and 3) even if the first two are satisfied, the denial of a right to appeal will not "work a miscarriage of justice." <u>United States v. Morillo</u>, 910 F.3d 1, 2 (1st Cir. 2018) (quoting <u>United States v. Teeter</u>, 257 F.3d 14, 24 (1st Cir. 2001)); <u>see</u> Fed. R. Crim. P. 11(b)(1)(N) (requiring that before a court accepts a plea, the district court inform, and determine that the defendant understands, any terms in the plea agreement that waive the right to appeal or collaterally attack the sentence).

With this standard in mind, Fernandez's waiver of his right to appeal or collaterally attack his sentence, including by a § 2255 petition, is enforceable. First, the language in the plea agreement was clear about the waiver, its scope and application not just to any direct appeal, but to collateral attacks, including "in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255 as to both his conviction and the agreed-upon sentence. D. 100 at 4-5. It also made clear that such waiver did not apply to any later claims of ineffective assistance of counsel, which Fernandez does not raise here. D. 100 at 5. The plea agreement also indicates that Fernandez "has conferred with his attorney" about these matters and understands that he is waiving rights that he might otherwise have to challenge his conviction and sentence. D. 100 at 4; <u>see</u> D. 100 at 1. At the plea hearing, the Court turned Fernandez's attention to this specific provision of the plea agreement. D. 137 at 13. Fernandez indicated that he understood that he had waived or

given up certain of his appellate rights, had the opportunity to discuss this provision of the plea agreement with his counsel before he signed the plea agreement and that he understood the impact that this provision had on his appellate rights. D. 137 at 13-14. Lastly, enforcing this waiver, and thereby barring this Petition, would not amount to a miscarriage of justice. This is particularly true where the plea agreement conferred significant benefits on Fernandez. See Sotirion v. United States, 617 F.3d 27, 38-39 (1st Cir. 2010) (noting that "far from working a miscarriage of justice, [defendant's] plea agreement conferred significant benefits on him"). Here, as part of what he acknowledged "valuable consideration," the government agreed to withdraw the 21 U.S.C. § 851 Information. D. 100 at 1. This withdrawal had the effect of lowering the maximum statutory penalty for the drug conspiracy count from life imprisonment (with a minimum mandatory sentence of ten years) to forty years imprisonment (with a minimum mandatory sentence of five years), 21 U.S.C. § 841(b)(1)(B), which in turn lowered the base offense level under the career offender guidelines from starting at BOL 37 to starting at BOL 34. U.S.S.G. § 4B1.1(b)(1), (2); PSR ¶ 135. Under the plea agreement, the government also assented to the agreed upon disposition of 120 months, far below the otherwise applicable GSR of 188-235 months. D. 100 at 4. Under these circumstances, the Court does not conclude that the enforcement of Fernandez's waiver, which the Court finds to be both knowingly and voluntarily made, would work a miscarriage of justice.

    **B.**    **The Petition is Untimely**

Even if Fernandez had not knowingly and voluntarily waived his right to bring the Petition, it is remains untimely. Under 28 U.S.C. § 2255(f), a habeas corpus petition filed by a prisoner in federal custody is subject to a one-year statute of limitations period that runs from the latest of four possible dates:

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). Only subsections (1) and (4) are relevant here since there is no argument that there was some government-created impediment to Fernandez filing a timely Petition and there's no suggestion that his claim arises from a newly recognized right as would be required for subsections (2) or (3) to apply. Considering subsection (1), the Petition is untimely because Fernandez did not file it until September 11, 2017, well after the date by which he could have appealed the February 19, 2015 judgment to the First Circuit, see Fed. R. App. 4(b)(1)(A) (giving a defendant fourteen days from the entry of judgment to file a direct appeal), which is the date on which the judgment here became final. See Sanchez-Castellano v. United States, 358 F.3d 424, 425 (6th Cir. 2004). Moreover, subsection (4) does not save the Petition since Fernandez has not shown a later date on which the facts supporting his claim could have been discovered through "the exercise of due diligence." At base, Fernandez argues that he should have had the benefit of having a state court predicate for his career offender status vacated. Although it has been held that a subsequently vacated predicate may qualify as a matter of fact for subsection (4), Johnson v. United States, 544 U.S. 295, 302 (2005), this provision applies "only if the petitioner has shown due diligence in seeking the order [vacating his state conviction]." Id.; see Cuevas v. United States, 778 F.3d 257, 276 (1st Cir. 2015).

Fernandez has not shown such due diligence here for a few reasons. First, as the government notes, D. 197 at 10, the basis for the vacating of Fernandez's conviction, the Annie Dookhan lab scandal, was public knowledge before his guilty plea in November 2014. Id. (citing news article noting that Dookhan herself plead guilty in 2013). Second, even if the Court focuses only on the post-judgment period in this case, there is nothing in the record to suggest that Fernandez took "prompt action . . . as soon as he [was] in a position to realize that he has an interest in challenging the prior conviction." Johnson, 544 U.S. at 308. The impact of his predicate offense was clear at least as of his sentencing, the Annie Dookhan matter was a matter of public record even before his sentencing and there's nothing in the record to suggest that Fernandez took prompt action in leading to his prior June 24, 2009 drug convictions (for possession of Class A with intent to distribute and possession of Class B with intent to distribute, D. 189-1 at 1-3) being vacated on April 19, 2017.[1] For all of these reasons, the Petition is untimely and even if Fernandez had not knowingly and voluntarily waived his right to file this Petition (which he has), the Petition should be dismissed for this additional reason.

C. **Even on the Merits, Habeas Relief is Not Warranted**

Even if Fernandez had not waived his right to this Petition and the Petition were not untimely, the Petition fails on the merits. A 2255 Petition must be based upon a claim of a violation of the U.S. Constitution or federal law, that the court lacked jurisdiction to impose the sentence, the sentence was in excess of the statutory maximum or "is otherwise subject to collateral attack."

---

[1] Although it is not clear in the record, publicly available information suggests that the vacating of Fernandez's conviction on April 19, 2017 was the result of a global order entered the same day by a single justice of the Supreme Judicial Court dismissing cases that district attorneys in seven counties had identified as appropriate for dismissal on account of the Dookhan misconduct. https://www.mass.gov/news/supreme-judicial-court-dismisses-over-21000-cases-affected-by-the-breach-at-the-hinton-state (last visited January 31, 2019).

28 U.S.C. 2255(a). The vacating of his drug conviction because of the Dookhan scandal does not qualify as a constitutional violation, Cuevas, 778 F.3d at 270. Moreover, there is no suggestion by Fernandez or otherwise that this Court lacked jurisdiction to impose his sentence or that his sentence exceeded the statutory maximum sentence. Accordingly, this Court focuses upon whether Fernandez's claim is cognizable under the "otherwise subject to collateral attack" basis for a 2255 petition.

To make this showing, Fernandez must show that the alleged error he relies upon "inherently results in a complete miscarriage of justice" or an "omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962). There can be no such finding here, where even with his June 24, 2009 drug distribution convictions (now vacated) before the Court at sentencing, his sentence was not "increased based on [the] convictions that [were] subsequently vacated." Cuevas, 778 F.3d at 274. First, even without those convictions in play, the career offender GSR (to which he was not sentenced) would still have been applicable. Fernandez had a total of four prior convictions for controlled substance offenses and a crime of violence, PSR ¶¶ 76 (May 16, 2008 conviction for possession with intent to distribute Class A, heroin), 80 (June 24, 2009 conviction for possession with intent to distribute Class A, heroin, and possession with intent to distribute Class B, crack cocaine, now vacated), 83 (November 21, 2012 conviction for assault and battery with a dangerous weapon ("ABDW")) where U.S.S.G. § 4B1.1(a) requires only two predicates for the career offender guidelines to apply. The vacating of his June 24, 2009 drug convictions in 2017 still leaves two predicate convictions, one drug offense and the ABDW conviction as the Guidelines applied at the time. See United States v. Wurie, 867 F.3d 28, 35 (1st Cir. 2017) (holding that defendant's prior convictions for assault and battery with a dangerous weapon stood as predicates for the career offender guidelines where they qualified as

8

crimes of violence under the residual clause even as the USSG has since eliminated that clause). Second, and most importantly, Fernandez did not receive a guideline sentence (which would have been in the range of 188-235 months), but a sentence of 120 months, pursuant to the parties' agreed upon disposition in the Rule 11(c)(1)(C) plea agreement. Accordingly, even reaching the merits of Fernandez's claim, the Petition fails.

## VI. Conclusion and Certificate of Appealability

For the foregoing reasons, the Court DENIES the Petition, D. 189.

A petitioner may receive a certificate of appealability only if he has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Such a showing is made when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Based upon its analysis of the record and the applicable law, this Court does not, at this time, conclude that "reasonable jurists" could debate this Court's conclusion. Id. Accordingly, the Court is not inclined to issue a certificate of appealability but will give Petitioner until February 22, 2019 to file a memorandum, not to exceed five pages, if he desires to address the issue of whether a certificate of appealability is warranted as to the Petition.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge